John Raymond Carroll
N2065 Deer lake rd
Marinette WI 54143

Home 7157329122
Cell 7159383799

Plaintiff in Propria Persona

Redacted 6-3-11 by C.VEAZIE

U.S. DISTRICT COURT
E...

'11 JUN -3 P1 :18

JO...

11 C 536

District of the United States (federal)
For the Seventh district of North East Wisconsin division

John Raymond Carroll,

    Petitioner,

Vs.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE TREASURY–<br>INTERNAL REVENUE SERVICE<br>EUGENE A CUMMINGS<br>REVENUE OFFICER<br><br>    Defendant. | Case No.<br>Civil Action–(Bill of Equity)<br>(FEDERAL Court)<br>Petition to Enjoin Collection of<br>Tax Deficiency Prior to Compliance with<br>Statutory Deficiency Notice Procedures<br>Points and Authorities in support thereof<br>28USCS 1340. 1361<br>26 USCS 6213(a) |

Plaintiff alleges

## COMPLAINT

### I.

Plaintiff is a citizen and resident of Marinette, County of Marinette, State of Wisconsin: Defendant is the United States of America.

### II.

Defendant is the REVENUE OFFICER, for Internal Revenue for North East district of Green Bay Wisconsin.

### III.

This is an action to enjoin the defendant from continuing in force and effect both and purported assessment and levies against the property of plaintiff allegedly to be applied to federal income taxes due or to become due in respect of any period falling within the calendar year 2000,2001,2002. And for a mandatory injunction ordering the return to plaintiff his property, to which Plaintiff has a right to possession, including, but not limited to, money, heretofore seized pursuant to such levies, Jurisdiction is founded on 1340 and 1361 of Title 28 of the United States Code (28 USC 1340 and 1361), and Section 6213(a) of the Internal Revenue Code of 1954 (26 USC 6213(a).

### IV.

Plaintiff, is not a citizen born in a Territory over which the United States is Sovereign. The territorial laws for those citizens do not apply to me. I was natural born in Wisconsin and have been a citizen of the Wisconsin Republic for 20 years. I am outside the jurisdictional limitations imposed by Art 1 sec8 Cl 17 of the Constitution for the United States. I am not a citizen as defined in 26 CFR 1.1-1 (c) and the Internal Revenue Code, Subtitle A, Chapter 1, Subchapter A, does not apply to me!.

I am also not a federal government employee or a corporate officer under a duty to withhold. I further, certify that I received no taxable income for the years in question under Title 26 sec871(a)(b).

### V.

On or about 03/22/2011, plaintiff received from defendant EUGENE A CUMMINGS, REVENUE OFFICER, of the Internal Revenue Service for the District of north east Wisconsin a letter dated 03/22/2011, a true copy of which is attached as Exhibit (A). Such letter purported to terminate plaintiffs taxable years beginning 2001 through 2003 on the date of the letter. The defendant purported to assess federal income tax for 2000,2001,2002, against plaintiff in the amount of $162,874,13 as set forth in Exhibits [a] and [b] attached to this complaint and made part of it.

### VI.

Notwithstanding language to the contrary effect in Exhibit [A], plaintiff has not filed a federal income tax return for the period 2000,2001,2002, and by reason of Section 6072 of the Internal Revenue Code, (26 USC sec6072) no return has been due to be filed by plaintiff. If any income tax return for this period has been filed, on behalf of or in respect of plaintiff. by any person ,such return has been illegally and unlawfully filed and is without force and effect.

### VII

Purportedly acting under authority of Section 6331 of the Internal Revenue Code, (26USC sec 6331) and the determination set fort in Exhibit {A} and the purported assessment set forth in Exhibits {A} and {B} , defendant on or about 05/09/2011 levied upon and seized the following property of plaintiff,
Checking an savings account no████████
Fathers checking account████████,consisting of SS funds and Retirement fu
Debit card account ████████
ON 05/11/2011 defendant Levy on compensation Labor at place of Employment
The above property constitutes virtually the entire estate of plaintiff.

VIII.

Defendant did not within 30 days after 04/07/2011, and has not to date, mailed to plaintiff a notice of deficiency described in the Internal Revenue Code Section 6212. This notice of deficiency for the period 2000,2001,2002, was required to be mailed to plaintiff by reason of Internal Revenue Code Section 6861(b) within 30 days after making of such assessment ,for which failure injunctive relief lies under Internal Revenue Code Section 6213(a).

IX.

Defendant did not , send plaintiff within 30 days after 04/07/2011 a notice of deficiency described in Internal Revenue Code 6212 (26USC sec 6212) and have not to date, mailed to plaintiff a statutory notice of deficiency ,as is required to do by Section 6861(b) of the Internal Revenue Code 26 USC 6861(b), constituted a deprivation of plaintiffs property without due process of law, against which injunctive relief lies by reason of the Internal Revenue Code Section 6213(a) and otherwise.

X.

Defendant s failure to send by Registered Mail or Cerified Mail (or by any outher Means) to plaintiff, a statutory notice of deficiency within 30 days after 04/07/2011 or at any time whatever, as is required to do by Section 6861(b) of the Internal Revenue Code (26USC 6861(b), constituted a deprivation of plaintiffs property without due process of the law.

XI.

Defendants failure to send Plaintiff a statutory notice of deficiency deprived plaintiff of the right to contest defendants purported assessment in the United States Tax Court, or otherwise, as such notice is a jurisdictional prerequisite in such Court, the deprivation of which right violated the due process clause of the Fifth Amendment of the Constitution of the United States.

XII.

Defendants determination to terminate plaintiffs taxable years a levy on the seizure of plaintiffs property and the failure to send statutory notice of deficiency as herein set forth, was arbitrary ,capricious and abuse of discretion ,in excess of statutory authority and contrary to plaintiffs statutory and Constitutional rights.

XIII.

For the reasons stated in Paragraph Nine {IX} of this complaint, plaintiff cannot appeal defendants assessment, if in fact the seizures were pursuant to true assessment, to the United Stated Court.

Nor can plaintiff litigate the merits of defendants determination of tax by refund in the United States Tax Court or in the United States Court or in the United States Court of Claims by reason of the requirement of Flora v. Untied States, 362US 145 (160), a decision on rehearing of 357 US 63 (1958),to the effect that a taxpayer must pay the full amount of what income tax the government says he owes for any period befor the taxpayer may sue for the refund of any part thereof, and plaintiff is wholly unable to comply with such requirement here as his entire estate has been seized pursuant to levy,and such estate is less than the amount determined by the defendant to be owed.

Since defendant has seized the plaintiffs entire estate, plaintiff is unable to furnish bond described in Section 6851(e) of the Internal Revenue Code.

For the foregoing reasons, plaintiff has no adequate remedy at law.

XIV.

Plaintiff has suffered irreparable injury as a result of defendants acts and omissions and , unless the injunctive relief herein prayed for is granted, plaintiff will suffer further irreparable injury.    WHEREFORE, plaintiff prays for a preliminary and permanent injunction ordering defendant and any agency or employee thereof to return all property heretofore seized pursuant to the levies and assessment, and to release all the levies, and enjoining defendant from collecting for or seeking to enforce by lien, levy, sale, or otherwise, the purported assessment against plaintiff.

Plaintiff further requests that this Court grant plaintiff the costs of this action.

Dated 3 June 2011

*John Raymond Carroll*

# POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO ENJOIN COLLECTION OF
## TAX DEFICIENCY PRIOR TO COMPLIANCE WITH
## STATUTORY DEFICIENCY NOTICE PROCEDURES

Plaintiff is not attacking the merits of the "assessment" in this action, but is merely challenging the defendant's failure to adhere to congressionally mandated procedures, which were implemented to protect the property and the Constitutional Rights of American Citizens. Plaintiff does not waive any of these rights or procedures at any time and reserves the right to defend and adjudicate such rights under law and equity in a separate action.

*"**Requisites and Validity of Levy** "...A failure substantially to comply with the statutory requirements as to the mode and manner or making the levy invalidates the tax; and there must be strict compliance with mandatory procedure...[N]o tax can be sustained as valid unless it is levied in accordance to the letter of the statute."* 84 C.J.S. §355, Mass. - **Hough v. North Adams** 82 N.E. 46, 196 Mass. 290

*"...A defect in assessment procedures would have the effect of invalidation of the general tax lien."* **IRS Practice and Procedure**, ¶ 14.04.

*"Absent an assessment there is no debt,* as the debt only attaches when the assessment is properly made, Bull v. U.S., 914 F.2d 245, and for a tax liability to be duly collectible, it must have been properly assessed. In Re Western Trading Co., 340 F. Supp... 1130 (D. Nev. 1972); Estate of Goetz v. U.S., 286 F. SUPP. 128, at 131 9d. Mo. (1968). "These statutory procedures must be followed in the process of administratively collecting taxes." U.S. v. Berman, 825 F.2d 1053, 1055 (CA 6 1987).

Defendant has not adhered to its own congressionally mandated procedures and ministerial duties which are a prerequisite to a valid lien/levy. *Such procedural defects include, but are not limited to the following:*

1. A Lien/Levy and/or seizure must be supported by a properly filed valid *Summary Record of Assessment*, upon which such action is based. Pursuant to 26 U.S.C. §§6201, 6203 and 26 C.F.R §§301.6201 and 301.6203, as can be evidenced by my Individual Master File, and substantiated by a FOIA search for a proper recording, no valid *Summary Record of Assessment*, has been filed. The Notice of Lien and any seizure are, therefore invalid.

> **26 USC §6203 METHOD OF ASSESSMENT** - *"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with the rules and regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment."*
>
> **26 CFR §301.6203-1.**-*"The district director and director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide; identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on the return by the taxpayer, be the amount so shown...If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed."*

*"...A defect in assessment procedures would have the effect of invalidation of the general tax lien."* **IRS Practice and Procedure**, ¶ 14.04.

*"Absent an assessment **there is no debt**,* as the debt only attaches when the assessment is properly made, Bull v. U.S., 914 F.2d 245, and for a tax liability to be duly collectible, it must have been properly assessed. In Re Western Trading Co., 340 F. Supp... 1130 (D. Nev. 1972); Estate of Goetz v. U.S., 286 F. SUPP. 128, at 131 9d. Mo. (1968). "These statutory procedures must be followed in the process of administratively collecting taxes." U.S. v. Berman, 825 F.2d 1053, 1055 (CA 6 1987).

"It is well established in law that in order to have a valid sale, there must be a valid seizure; and to have a valid seizure, there must be a valid lien; and to have a valid lien---**there must be a signed 23C** "Summary Record of Assessment" and a **Form 4340** "Certificate of Assessments and Payments" (IRS

document 7130 at page 33) [which must come from the service center], *before there is a valid assessment*. Coplin v. U.S., 952 F.2d 403; Fullmer v. U.S. 93-U.S. Tax case. P 50, 657; U.S. v. McCallum, 970 F.2d 66; Brewer v. U.S. 746 F. SUPP. 309; Geiselman v. U.S. 961 F.2d 1; Tweedy v. U.S. 74 AFTR 2d 5003; Fisher v. U.S. 860 F. SUPP. 680. A proper assessment must also have IRS **Form 2666, "Certification of Transcript,"** and the procedural assessment itself must be pursuant to IRM-HB1272 and 48 (13).

> *Footnote: In citing the Internal Revenue Manual, Plaintiff is aware that such manual is not law, in and of itself. However, it is indicative of ruling case law on the particular subject, and constitutes well recognized ministerial procedure.*
> *"Assessments, deficiency and levies must be procedurally correct."*
> Rodriguez v. United States, 729 F. Spp.. 333, 339-340.

"Assessment officers make IRS Assessments through completing and signing **Forms 23(c)**, entitled 'Summary Record of Assessment." (Geiselman v. United States, 961 F.2d 1, 6 (1st Cir.), cert. Denied, 506 U.S., 891, 121 L.Fd. 2d 191, 113 S.Ct. 261 (1992)).

The "23(c) dates," meaning the date upon which the assessment officer signs the Form 23(c), and constitutes the assessment date. In support of its Motion, the Government submitted copies of Forms 4340, also known as Certificate of Assessments and Payments. ...The Forms 4340, among other things lists the amount of each assessment, the 23(c) dates and the dates the IRS first notified the Colwells of the assessment, Id. Forms 4340 constitute presumptive proof of a valid assessment, as well as notice to the taxpayer. Geiselman v. U.S., 961 F.2d at 6. (1st Circ.). Forms 4340 also constitute presumptive proof that the IRS has made demand of payment from the taxpayer. Id. [*7] Finally, because each form 4340 contains a 23 (c) date, each establishes the date upon which the lien for that period arose. See 26 USC §§ 6321, 6322 (lien arises at time assessment is made); Geiselman v. U.S., 961 F.2d at 6, dates on forms 4340 establish date of initial assessment)..." U.S. of America v. Coldwell, 1996 U.S. District [Lexis 9283], decided June 7, 1996.

2. Pursuant to the statutory requirements of 26 USC 6212 and 26 CFR 301.6212, and 26 USC 6861(b), no valid *Notice of Deficiency*, with a *bonafide* hand written, attested signature, signed under the penalties of perjury, by an appeals officer, on behalf of the Commisssioner of the IRS, has been sent to Plaintiff via Certified or Registered mailing, as required by 26 USC and its 26 CFR Implementing Regulations.

26 CFR§ 301.6212- **Notice of Deficiency** *(a) "IN GENERAL. -- "If a district director of a service center... determines that there is a deficiency in respect to any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."*

IR Manual
512 (1-5-83)                                                                                               8(24)50

"**Preliminary Notices of Deficiency**
Procedure
   "...(5) *The [Deficiency] Notice is signed in pen and ink, on behalf of the Commissioner, by the approving Appeals Officer... Any copies of the statutory notice letter which are used for the originals or duplicate originals should have a handwritten signature and not a facsimile or reproduced signature...*"

"*An assessment is illegal and void if no required [valid] deficiency notice is sent to the taxpayer.*" - United States v Williams (1958 DC NY) 161 F Supp 158. 58-1 USTC 9213 (20 Fed Proc, L Ed 48:440.)

3. Plaintiff received no **Notice and Demand**, Form 17A, "Statement of Income Tax Due," pursuant to the ministerial requirements of 26 USC 6303 and its implementing regulations.

   "*Internal Revenue Key 4957*" "*Taxpayers would be entitled to income tax refund if collection was effected by illegal use of liens and levies in absence of notice and demand from IRS.*"

The Berman court, Supra, stated that, "mailing a notice of assessment and demand for payment to the taxpayer" pursuant to Section 6303(a), is a part of the process which must be accomplished before invoking the collection powers. Title 26 U.S.C. Section 6303(a) states:

   "*Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days after the making of an assessment of a tax pursuant to Section 6303, give notice to each person thereof...*"

   26 CFR§301.6303-1. "*Notice and demand for tax. (a) Where it is not otherwise provided by the Code, the district director or the director of the regional service center shall, after the making of an assessment of a tax pursuant to §6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be given as soon as possible and within 60 days...*"

The use of assessment and demand for payment is mandated by seven

sections of the code as follows: 6155(a), 6156(d), 6213(3), 6215(a), 6303, 6861(a) and (f), and 6331. IRS Form 17A has been formalized as the appropriate form, as identified in United States v. Lehigh, 201 F.Supp. 224, as the statutory "Statement of Income Tax Due". In United States v. Pavernick, 197 F. Supp. 257 (1961), the court emphasized that "upon proof of demand the government lien arises at the time of assessment by the collector."

"Whereas, the IRS has not sent a *valid* notice as required under Section 6303(a) and regulation under T.D. 1995, within 60 days of the date of the alleged assessment, the Service is not in compliance with its own internal procedures on the "balance due notices." See IR Manual 2(17) (946) 6.2 MT3.(17)00-174,P.3(17) (46)0-45 (1-1-88). ***This is a violation of administrative law and voids the agency action***. Lojeski v. Boandl 86-2 USTC 9494 (CA 3 1986) U.S. v. Sourapas, 515 F.2d 294 (CA 9 1975); and U.S. v. Heffner, 420 F.2d 809, 811-12 (CA 4-1970)

*"Internal Revenue Key 4623"* *"Ability of Internal Revenue Service to present a computer generated printout reflecting that notice of demand has been sent to taxpayers on certain date **does not** establish irrebuttable presumption that notice was in fact sent, for purpose of statute providing that IRS must give notice to each person liable for unpaid tax within 60 days after making of assessment. 26 USCA §6303(a) United States v. Berman, 825 F.2d 1053, 1056-1057 (6th Cir. 1987)*

Also, Section 6303(a) requires notice of a *particular kind*. U.S. v. Jersey Shore Bank, 782 F.2d 974 (Ca 3 1986); and Jersey Shore Bank v. U.S., 107 S.Ct 782, at 785 (1987). Hence, Sections 6303(a) and 6331(d) require totally separate and distinct notices for entirely different purposes. The failure of the Service to notify an individual within 60 days that a tax has been assessed invalidates the alleged assessment. Bauer v. Foley, 404 F.2d 1215 at 1221-22. Absent a valid 'notice and demand," the penalty and interest assessment likewise must fail.

Case 1:11-cv-00536-WCG   Filed 06/03/11   Page 11 of 13   Document 1

4. Further Plaintiffs did not meet the notice requirements of 6631(d) or 26 CFR 301.6331-2(a) prior to said levy, which are as follows:

**26 USC 6331(d) REQUIREMENT OF NOTICE.--**

(1) IN GENERAL.- Levy may be made, under subsection (a)...ONLY after the secretary has notified such person in writing of his intention to make such levy.

(2) 30 DAY REQUIREMENT. - The notice required under paragraph (1) shall be--
  (A) Given in person
  (B) left at the dwelling or usual place of business of such person, or
  (C) sent by certified or registered mail to such person's last known address, no less than 30 days before the day of levy.

Paragraph (4) of 26 USC 6331(d) gives a list of information which must be served with the Levy, as follows.
  (A) the provisions of this title relating to levy and sale of property.
  (B) the procedures applicable to the levy and sale of property under this title,
  (C) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals.
  (D) the alternatives available to taxpayers which could prevent levy on the property (including installment agreements under section 6159),
  (E) the provisions of this title relating to redemption of property and release of liens on property, and
  (F) the procedures applicable to the redemption of property and release of lien under this title.

Although this section is not applicable to jeopardy assessments. As previously substantiated there has been no valid assessment prepared or filed that could be in jeopardy. Further, Plaintiff is a reputable and well established member of the community. Defendant has no evidence that Plaintiff is, or appears to be designing to quickly depart form the United States or to remove his/her property therefrom, or to conceal himself/herself or to conceal, dissipate or transfer his/her property, or that Plaintiff's financial solvency is or appears to be imperiled. (26 CFR §1.6851-1 (I)(ii)(iii). Authority for making Termination/Jeopardy Assessments.

26 CFR 301. 6331-1. Levy and distraint.-- If any person **liable** to pay any tax neglects or refuses to pay tax within **10 days after notice and demand**, the **district director** to whom the assessment is charged (or upon his request, any other **district director**) may proceed to collect the tax by levy.

26 CFR 301.6331-2. (a) <u>Notice of Intent to Levy</u>. Levy may be made upon the salary or wages of a taxpayer...ONLY after the district director or director of service center has notified the taxpayer, in writing of the <u>intent to levy</u>. The notice must be given in person, left at the dwelling or usual place of business of the taxpayer or mailed to the last known address, no less than 10 days before the day of levy. The <u>Notice of Intent to Levy</u> *is in addition to*, and may given at the same time as the notice and demand required in 301.6331-1.

## CONCLUSION

"[A]ctions by an agency in violation of its own regulations or procedures are *illegal, void* and constitute procedural error". <u>VanderMolen v. Stetson</u>, 571 F.2d 617 (1977); <u>Connecticut Light & Power Co. V. Nuclear Regulatory Comm'n</u>, 673 F.2d 525, cert. Denied, 137 S.Ct. (1982).

In administrative law the term "jurisdiction" has three aspects: (1) personal jurisdiction; (2) subject matter jurisdiction; and (3) the agency's scope of authority under statute.

Compliance with jurisdictional requirement is essential to give validity to the DETERMINATIONS of administrative agencies; absent such compliance, their acts are void and open to collateral attack. Based upon the evidence provided herein, Defendant acted outside the scope of its authority under the statute, therefore, all acts by all agents and employees are a nullitynullified.

I, hereby attest that, to the best of my knowlege and belief, the foregoing is true and correct.


[name]