UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN RAYMOND CARROLL,

    Plaintiff,

v.                                                 Case No. 11-C-536

UNITED STATES OF AMERICA,[1]

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pro se plaintiff John Carroll filed a complaint in this Court on June 3, 2011, alleging that the Internal Revenue Service improperly levied upon several of his bank accounts and employment wages without first mailing to him an Internal Revenue Code ("IRC") § 6212 Notice of Deficiency within thirty days of the assessment of the underlying unpaid taxes. (Compl. ¶¶ VII–IX.) Carroll seeks relief in the form of an injunction "ordering defendant and any agency or employee thereof to return all property heretofore seized pursuant to the levies and assessment." (*Id.* ¶ XIV.) This matter is before me on defendant's motion to dismiss under Rules 12(b)(1) and (5) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion will be granted.

---

[1] Though Carroll named the IRS Revenue Officer Eugene Cummings as defendant, the proper defendant is the United States, so the pleadings will be amended with the United States replacing the IRS officer as defendant. *See* 26 U.S.C. § 7422(c), (f).

## BACKGROUND FACTS

Carroll resides in Marinette, Wisconsin, which he claims means he is "not a citizen born in a Territory over which the United States is sovereign." (Compl. ¶ IV.) Carroll admits he failed to file tax returns from 2000–2002, but questions how income taxes could be assessed against him. He claims, as a member of the Wisconsin Republic, he is outside the scope of the I.R.C. and beyond the Government's taxing authority. (*Id.* ¶ VI.) In response to Carroll's unfiled returns, the IRS assessed $127,527.86 in unpaid income taxes (exclusive of interest) against him. (Mot. to Dismiss, Ex. A.)

On March 22, 2001, Revenue Officer Eugene Cummings sent Carroll a "Final Notice" in which Carroll was notified of the Government's intent to levy in thirty days if he did not request a Collection Due Process hearing. (*Id.*, Ex. B.) Carroll's only response to this notice was to send a letter to Revenue Officer Cummings requesting, among other things, a copy of a Summary Record of Assessment identifying him as a "taxpayer" as well as all supporting records used to determine Carroll's tax liability. (*Id.*, Ex. C.) On May 9, 2011, Revenue Officer Cummings initiated collections actions and served notices of levy upon two of Carroll's bank accounts and his employer. (Compl., Ex. A. at 3–4.)

Carroll then filed a complaint in this Court on June 3, 2011, alleging that the IRS improperly levied upon several of his bank accounts and employment wages without first mailing to him an I.R.C. § 6212 Notice of Deficiency within thirty days of the assessment of the underlying unpaid taxes. (Compl. ¶¶ VII–IX.) However, the March 2011 correspondence sent to Carroll was a Final Notice of Intent to Levy and Notice of Right to a Hearing. Furthermore, Carroll's complaint falsely suggests he had no notice prior to March 2011 of his tax deficiency, despite the fact that he had

2

received notice of his tax deficiencies several years earlier. (*See*, *e.g.*, Ex. A, Entry 494 for 2000 Tax Year Account (Statutory Notice of Deficiency sent to Carroll on September 18, 2007.)) Despite these facts, Carroll seeks an injunction "ordering defendant and any agency or employee thereof to return all property heretofore seized pursuant to the levies and assessment." (*Id.* ¶ XIV.) The government subsequently filed a motion to dismiss.

## ANALYSIS

### I. Standards

In reviewing the plaintiff's complaint with regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997). A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this Court over the subject matter related in the complaint. A motion to dismiss under Rule 12(b)(5) asserts insufficient process.

### II. The Anti-Injunction Act

Defendant contends the Court lacks jurisdiction over Carroll's claim to enjoin future garnishments based upon the Internal Revenue Code's Anti-Injunction Act, 26 U.S.C. § 7421(a), which generally prohibits suits for the purpose of restraining the assessment or collection of any tax. The statute provides:

> **(a) Tax.**--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). "The primary purpose of the statute is 'protection of the Government's need to assess and collect taxes with a minimum of pre-enforcement judicial interference . . . .'" *Rappaport v. United States*, 583 F.2d 298, 301 (7th Cir. 1978) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1973)).

Carroll invokes two exceptions: Sections 6861 and 6213. Section 6861 pertains to jeopardy assessments and is not one of the specifically enumerated exceptions set forth in the Anti-Injunction Act. Furthermore, the assessments and levies at issue in this case do not arise under Section 6861. Consequently, Section 6861 does not provide Carroll with a basis for allowing the Court to enjoin the Government.

Carroll also alleges the Government failed to timely abide by the notification requirements in Section 6213 prior to levying on his bank accounts and garnishing his wages. However, Section 6213(a) "merely allows a taxpayer who has received a notice of deficiency from the [IRS] to petition the Tax Court within ninety days for a redetermination of the deficiency." *Cooper v. Starkey*, 585 F. Supp. 598, 599 (N.D. Ill. 1984). In other words, this exception is limited to taxpayers seeking to enjoin collection actions that have been initiated without proper notice or before the ninety-day period to petition the Tax Court has run. As discussed above, Carroll first received notice of his tax deficiencies in 2007, at the very latest — well before the IRS initiated its 2011 enforcement efforts. The Section 6213(a) exception to the Anti-Injunction Act thus does not apply.

Carroll does not allege Section 6330(e)(1) as a basis for exception but the defendant discusses it anyway, contending that even if he had so alleged, the exception would still be inapplicable. Section 6330(e)(1) allows a taxpayer to enjoin collection efforts where the taxpayer has made a timely request for a Section 6330(a) Due Process Hearing. Carroll received a Section

4

6331 Notice of Intent to Levy on March 22, 2011, in which he was advised of his right to seek a Collection Due Process hearing within thirty days. (*See* Ex. B.) Carroll did not attempt to seek this hearing and thus is also precluded from alleging application of the Section 6330(e)(1) exception. Consequently, Carroll's complaint does not fall under any of the statutory exceptions of § 7421(a).

If none of the statutory exceptions of § 7421(a) apply, as they do not here, the only way an injunction is permitted in a tax case is where Congress has provided no other remedy to the aggrieved party, as outlined in *South Carolina v. Regan*, 465 U.S. 367, 378 (1984), or where "(1) under the most liberal view of the law and facts, the government could not ultimately prevail; and (2) plaintiff will sustain irreparable injury for which there is no adequate remedy at law." *Rappaport*, 583 F.2d at 301–02 (citations omitted).

As none of the statutory exceptions to § 7421(a) are applicable, only a finding that Carroll has been provided no other remedy by Congress or that the two conditions discussed in *Rappaport* are met will prevent dismissal of this matter for lack of subject matter jurisdiction. Carroll cannot claim Congress has not provided another remedy, as he still has available to him several statutory bases for challenging the tax or the IRS's efforts to collect it, again after making a claim with the IRS. In particular, after satisfying his tax liabilities, and exhausting administrative procedures with the IRS, Carroll could sue for a refund. *See* 26 U.S.C. § 7422.

The *Rappaport* exception also fails to save Carroll's claim. First, it is not apparent the Government could not ultimately prevail in an action against Carroll. In fact, it appears as if it will prevail, as the tax assessments underlying the levies Carroll challenges are presumed valid and arise from Carroll's admitted failure to file tax returns. (Compl. ¶ VI.) Furthermore, Carroll's complaint

is based on frivolous assertions, such as that he is a citizen of the "Wisconsin Republic" and thus cannot be taxed by the United States, or that taxes cannot be assessed against him because he has not filed tax returns. (*Id.* ¶¶ IV, VI.) These arguments have been soundly rejected by the federal courts and thus it is far from clear that the Government will not ultimately prevail. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 937 & n.3 (9th Cir. 1986) (rejecting the assertion an "absolute, freeborn, and natural individual" need not pay federal taxes and noting this argument has been "consistently and thoroughly rejected by every branch of the government for decades" such that it is "now the basis for serious sanctions"); *see also United States v. Krenzelok*, No. 91-2023, 1992 WL 154032, at *2 (E.D. Wis. July 6, 1992) ("[t]he notion that a tax return is a prerequisite to a valid assessment is not supported by legal authority or common sense"). Additionally, nothing in the facts suggests irreparable injury will occur without the requested relief. Economic harm alone is not irreparable as a matter of law, even by *Enochs*' own terms (economic injury even to the point of "ruination of the taxpayer's enterprise" does not establish irreparable harm, 370 U.S. at 6); *see also Sierra v. United States*, No. 97 CIV. 9320 (RWS), 1998 WL 599715, at * 5 (S.D.N.Y. Sept. 10, 1998) (stating that the IRS's garnishment of taxpayer wages did not constitute irreparable harm sufficient to override prohibitions of the Anti-Injunction Act). As the Government will likely prevail and Carroll cannot demonstrate irreparable injury, the *Rappaport* exception does not apply.

Because the Court has no jurisdiction to grant the injunctive relief Carroll seeks, his claim to enjoin the Government from its assessments and levies of his federal income taxes will be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Dye v. United States*, 516 F. Supp. 2d 61, 73–74 (D.D.C. 2007). As such, I need not address the Government's second argument regarding insufficient service of process.

**CONCLUSION**

The Anti-Injunction Act provision of the Internal Revenue Code prevents the Court from finding subject matter jurisdiction to entertain Carroll's claim for injunctive relief. For these reasons defendant's motion to dismiss is **GRANTED**. The Clerk shall enter judgment accordingly.

**SO ORDERED** this   24th    day of August, 2011.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge